# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-372V
Filed: October 29, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MICHAEL BERGLUND, | \* |
| | \* |
| Petitioner, | \* |
| | \*  Damages decision based on proffer; |
| v. | \*  tetanus vaccine; brachial neuritis; |
| | \*  Table injury |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Paul S. Dannenberg, Huntington, VT, for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On June 3, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that he received tetanus vaccination on July 13, 2011, and thereafter suffered a Table injury of brachial neuritis.  On February 6, 2014, respondent filed her Rule 4(c) Report, conceding that petitioner suffered a Table injury of brachial neuritis and recommending compensation.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

On October 29, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards a lump sum payment of **$109,217.59**, representing the discounted present value of petitioner's projected lost earnings ($8,112.59), pain and suffering ($100,000.00), and past unreimbursable expenses ($1,105.00). The award shall be in the form of a check for **$109,217.59** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: October 29, 2014                                          /s/ Laura D. Millman
                                                                                    Laura D. Millman
                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MICHAEL BERGLUND, | ) |
| | ) **ECF** |
| Petitioner, | ) |
| | ) |
| v. | ) No. 13-372V |
| | ) Special Master |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) Laura D. Millman |
| | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I. Items of Compensation**

    A.    <u>Life Care Items</u>

Respondent proffers that, based on the evidence of record, petitioner is unlikely to incur future medical expenses as a result of his vaccine-related injury.  See 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

    B.    <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, the net present value of petitioner's projected loss of earnings is $8,112.59.  See 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $100,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4), (f)(4)(A).

Petitioner agrees.

    D.    <u>Past Un-reimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past un-reimbursable expenses related to his vaccine-related injury. 42 U.S.C. § 300aa-15(a)(1)(B). Respondent proffers that petitioners should be awarded past un-reimbursable expenses in the amount of $1,105.00. Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Petitioner represents that there are no Medicaid liens outstanding against him.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

    A. A lump sum payment of $109,217.59, representing the discounted present value of petitioner's projected lost earnings ($8,112.59), pain and suffering ($100,000.00), and past un-reimbursable expenses ($1,105.00) in the form of a check payable to petitioner.

        1.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

## III. Summary of Recommended Payments Following Judgment

| | | |
|---|---|---:|
| A. | Lump sum paid to petitioner for projected lost earnings, pain and suffering, and past un-reimbursable expenses: | **$109,217.59** |

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        Respectfully submitted,

        JOYCE R. BRANDA
        Acting Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        GLENN A. MACLEOD
        Senior Trial Counsel
        Torts Branch, Civil Division

        s/Lisa A. Watts
        LISA A. WATTS
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C.   20044-0146
        Telephone: (202) 616-4099

Dated: October 29, 2014.